**MEMO ENDORSED**

**COOLEY GODWARD KRONISH** LLP

JASON M. KORAL
T: (212) 479-6669
F: (212) 253-4028
jkoral@cooley.com

BY FACSIMILE

*Application granted.*
*Parties should submit*
*a revised scheduling*
*order by 3/31/08.*
*So ordered.*
  *[signature] 6' Koeltl*
  *U.S.D.J.*
*3/24/08*

RECEIVED
MAR 24 2008
CHAMBERS OF
JUDGE JOHN G. KOELTL

March 24, 2008

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1030
New York, NY 10007

RE: *SEC v. Simpson Capital Management, Inc. et al.*, 07-6072 (JKG/DCF)

Dear Judge Koeltl:

I write in connection with the above-captioned matter to request that the fact discovery deadline be extended three months to December 30, 2008, and additionally to request the adjournment of the depositions of Robert Simpson and John Dowling, presently scheduled to be conducted on or prior to April 30, 2008.

Following a court conference on December 20, 2007, Your Honor entered a stipulated scheduling order in this case establishing a September 30, 2008 cutoff date for fact discovery. Since that time, based on our receipt of voluminous document discovery in a variety of different formats, we believe that the September 30 cutoff date for fact discovery in the *Simpson* case is likely to prove overly aggressive. Although we did anticipate a significant document review task from the outset, the sheer scope of the SEC's document production exceeded those initial expectations. In total, the SEC has produced 55,000 document "units" in electronic form, as well as 101 separate interview or deposition transcripts with accompanying exhibits, and approximately 117 hours of recorded audio. Complicating the review task is that it appears that at least some of the 55,000 documentary "units" consist of multiple documents, of an as yet unknown number of pages. All this material exists in different electronic and/or audio formats, and considerable time is necessary simply to prepare all the material electronically for efficient review. Moreover, this large amount of material does not include what we understand to be several hundred additional bankers boxes of paper documents relating to the clearing brokers, material which has been made available by the SEC but which we are not yet in a position to review.

Our review of the documentary material to date has already identified a number of fact issues that will require taking deposition testimony to investigate further. The SEC has advised us that they plan on taking as many as 15 or more depositions in this case, and we presently anticipate taking a similar or even greater number of depositions.

We have assigned a large and skilled team of professionals to review the SEC's document production, and we are undertaking to complete that review efficiently and

1114 AVENUE OF THE AMERICAS, NEW YORK, NY 10036 T: (212) 479-6000 F: (212) 479-6275

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/08



The Honorable John G. Koeltl
March 24, 2008
Page Two

expeditiously as possible. Nonetheless, a realistic appraisal of the document review task to be performed, and of the additional need to conduct 30 or more depositions, suggests that the fact discovery deadline will need to be extended by at least three months.

We also note that a motion to dismiss is currently pending before Your Honor. At the scheduling conference before Your Honor, we did not seek a stay of discovery pending resolution of that motion, and we do not seek to do so now. However, we do believe that given the novel legal issues raised by the SEC's complaint in this matter, resolution of that motion may narrow or provide sharper definition of the issues in dispute in the case. Thus, a later fact discovery deadline may also be desirable to allow the parties time to take advantage of the potential opportunity to review the eventual decision on that motion.

Finally, with respect to the request to adjourn the Simpson and Dowling depositions, it is our understanding that settlement discussions in the case of *SEC v. Gene T. Mancinelli*, 06-7885 (JKG/DCF), may obviate the need of the Securities and Exchange Commission ("SEC") to obtain the testimony of Simpson and Dowling in that case; hence the time pressure to conduct those depositions by the end of April no longer exists. We have spoken to Mr. David Horowitz of the SEC's Philadelphia office (in connection with this action) and Ms. Shannon Keyes of the SEC's New York office (responsible for the *Mancinelli* action) and both consent to the request for an adjournment of those depositions, as does counsel for Mr. Dowling and counsel for Mr. Mancinelli.

Sincerely,

Jason M. Koral

cc: Charles E. Clayman, Esq.
David S. Horowitz, Esq.
Shannon Keyes, Esq.
Jonathan Warner, Esq.

1114 AVENUE OF THE AMERICAS, NEW YORK, NY 10036 T: (212) 479-6000 F: (212) 479-6275 WWW.COOLEY.COM